OFFICE COPY

Carl W. Oberdier (CO 4150)
SCHIFF HARDIN LLP
900 Third Avenue
23rd Floor
New York, NY 10022
(212) 753-5000

David M. Spector (DS 1749)
Everett J. Cygal (EC 5959)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINCOLN NATIONAL REINSURANCE
COMPANY (BARBADOS) LIMITED,

and

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY

       Plaintiffs,

  -against-

SWISS RE LIFE & HEALTH AMERICA
HOLDING COMPANY,

       Defendant.

---

JUDGE DANIELS

07 CIV 6731

COMPLAINT



Plaintiffs Lincoln National Reinsurance Company (Barbados) Limited ("Lincoln Barbados") and The Lincoln National Life Insurance Company ("Lincoln Life"), by their attorneys, allege the following as their Complaint against Swiss Re Life & Health America Holding Company ("Swiss Re Holdings"):

## NATURE OF THE ACTION

1. This action is brought by Lincoln Barbados and Lincoln Life against Swiss Re Holdings to recover on a guaranty obligation arising out of the sale of Lincoln Re (Ireland) Limited ("Lincoln Ireland") to Swiss Re Life & Health America, Inc. ("Swiss Re Life"). Prior to the sale, Lincoln Barbados and Swiss Re Life had entered into a Put Agreement ("the Put Agreement"), pursuant to which Swiss Re Life unconditionally guaranteed the prompt performance of certain Lincoln Ireland obligations following completion of the sale, including Lincoln Ireland's reinsurance of Lincoln Barbados and Lincoln Life. Swiss Re Life's guaranty obligations subsequently were assigned to Swiss Re Holdings. Lincoln Ireland's name subsequently was changed to Swiss Re Ireland Limited ("Swiss Re Ireland"). Swiss Re Ireland, as it is now known, is in material breach of its reinsurance obligations to Lincoln Barbados and Lincoln Life. Notwithstanding that breach, Swiss Re Holdings has not performed on its guaranty obligations as set forth in Section 4.08 of the Put Agreement. Through this action, Lincoln Barbados and Lincoln Life seek to cause Swiss Re Holdings to perform on its guaranty obligations.

## THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff Lincoln Barbados is a Barbadian insurance company with its principal place of business located in Bridgetown, Barbados.

3. Plaintiff Lincoln Life is an insurance company organized under the laws of the State of Indiana with its principal place of business located in Fort Wayne, Indiana.

4. Defendant Swiss Re Holdings is a Delaware corporation with its principal place of business located in Armonk, New York.

5. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) in that this is a civil action between citizens of different states and in which citizens or subjects of a

foreign state are additional parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district, the defendant's principal place of business is within this district, and the parties irrevocably and unconditionally submitted to the exclusive jurisdiction of any federal court sitting in New York, New York.

## BACKGROUND

### The Put Agreement

7. Lincoln Barbados and Swiss Re Life entered into and executed a Put Agreement effective July 27, 2001, which provided Lincoln Barbados the right, but not the obligation, to require Swiss Re Life or its designated affiliate to purchase 100% of the shares of Lincoln Ireland, a wholly owned subsidiary of Lincoln Barbados. A copy of the Put Agreement is attached hereto as Exhibit A.

8. On May 15, 2002, Lincoln Barbados provided notice of the exercise of its put right under the Put Agreement. On May 30, 2002, Swiss Re Life's designated affiliate acquired ownership of Lincoln Ireland. The name of Lincoln Ireland subsequently was changed to Swiss Re Ireland.

9. Lincoln Barbados has fully performed all of its obligations under the Put Agreement.

### The Reinsurance Agreements

10. Among the obligations and liabilities of Swiss Re Ireland are: (i) the Indemnity Reinsurance Agreement between Lincoln Ireland and Lincoln Barbados ("the LNBAR Reinsurance Agreement"); and (ii) the Indemnity Reinsurance Agreement between Lincoln

Ireland and Lincoln Life ("the Lincoln Life Reinsurance Agreement"). (The LNBAR Reinsurance Agreement and the Lincoln Life Reinsurance Agreement are jointly referred herein to as the "Reinsurance Agreements.")

11. Pursuant to the Reinsurance Agreements, Lincoln Barbados and/or Lincoln Life ceded, and Lincoln Ireland (now Swiss Re Ireland) reinsured, certain disability income business (hereinafter referred to as the "Policies") on a coinsurance basis, effective either June 30 or October 1, 2001 ("the Reinsurance Effective Date"). These Policies included disability income reinsurance reinsured by Lincoln Barbados from such insurance companies as Paul Revere Life Insurance Company, Paul Revere Protective Life Insurance Company, and The Lincoln National Life Insurance Company and, in addition, reinsured by Lincoln Life from Monarch Insurance Company. The underlying reinsured companies (i.e., the initial writers of the business) are referred to hereinafter as "the Ceding Companies." A copy of the LNBAR Reinsurance Agreement and the Lincoln Life Reinsurance Agreement are attached hereto as Exhibits B and C, respectively.

12. Lincoln Barbados and Lincoln Life have fully performed all of their obligations under the Reinsurance Agreements.

13. The Reinsurance Agreements do not alter Lincoln Barbados' or Lincoln Life's liability to the Ceding Companies under the Policies to indemnify those companies for losses and other expenses. At all times, Lincoln Barbados and Lincoln Life have fully discharged and complied with their obligations to the Ceding Companies.

### Swiss Re Ireland's Failure To Make Required Payments

14. The Reinsurance Agreements require Swiss Re Ireland to reimburse Lincoln Barbados and Lincoln Life for certain amounts paid to the Ceding Companies, including benefit

payments. The Reinsurance Agreements further require Swiss Re Ireland to make payments to Lincoln Barbados and Lincoln Life sufficient to account for any increases in reserves on the Policies. Swiss Re Ireland has failed to make such payments.

15. The LNBAR Reinsurance Agreement provides that Swiss Re Ireland's obligation to reimburse Lincoln Barbados for amounts paid to the Ceding Companies "shall be computed net of amounts actually recovered from Other Reinsurance." Notwithstanding the express terms of the LNBAR Reinsurance Agreement, Swiss Re Ireland has claimed, among other things, that it is entitled to net its payments to Lincoln Barbados not just by the "amounts actually recovered" from Other Reinsurance but by any amount that Swiss Re Ireland unilaterally determines Lincoln Barbados should recover from Other Reinsurance. However, the LNBAR Reinsurance Agreement provides that Swiss Re Ireland is entitled to decrease its payments only to the extent that such amounts from Other Reinsurance are "actually recovered." Lincoln Barbados has not received any amounts from Other Reinsurance; thus this provision does not provide a basis for Swiss Re Ireland's refusal to make the required payments.

16. Swiss Re Ireland also claims that the Policy reserves established on the Reinsurance Effective Date understated the Policies' liability exposures, or "reserves," and that the initial reinsurance premiums paid by Lincoln Barbados and Lincoln Life on the Reinsurance Effective Date were accordingly deficient by the amount of such understatement of reserves. Swiss Re Ireland contends that it is entitled to refuse to make payments otherwise required by the Reinsurance Agreements to the extent such payments are offset by the amounts Swiss Re Ireland unilaterally claims to have been underpaid as part of the initial reinsurance premium. There is no factual nor contractual justification for Swiss Re Ireland to take such offsets and thus for its refusal to make required payments under the Reinsurance Agreements.

17.  Effective as of December 7, 2001, Lincoln Barbados entered into an Administrative Services Agreement ("LNBAR Administrative Services Agreement") with European Reinsurance Company of Zurich – Bermuda Branch, an affiliate of Swiss Re Life ("LNBAR Administrator").  A copy of this LNBAR Administrative Services Agreement is attached hereto as Exhibit D.  Effective as of December 7, 2001, Lincoln Life entered into an Administrative Services Agreement ("Lincoln Life Administrative Services Agreement") with Swiss Re Life ("Lincoln Life Administrator").  A copy of this Lincoln Life Administrative Services Agreement is attached hereto as Exhibit E.  (Exhibits D and E are hereafter jointly referred to as "Administrative Services Agreements".)  The LNBAR Administrator and the Lincoln Life Administrator are sometimes hereinafter referred to as the "Administrators".

18.  As part of their obligations under the Administrative Services Agreements, the Administrators determine and set the reserves for the Policies referred to in Paragraph 11, *supra*, that are utilized to determine the Funds Withheld Accounts balance at the last day of each account period.

19.  The Administrators have notified Lincoln Barbados and Lincoln Life that they have substantially increased the reserves for the Policies.  Accordingly, Swiss Re Ireland is obligated under the Reinsurance Agreements to make payments to satisfy the increased balances of the Funds Withheld Accounts which result from the increases in reserves.  Swiss Re Ireland has materially breached its obligations under the Reinsurance Agreements by refusing to make any such payments.

### The Put Agreement's Assignment and Guaranty Provisions

20.  Pursuant to Section 1.01 of the Put Agreement, Swiss Re Life was required to assign its rights and obligations under the Put Agreement to an affiliate of Swiss Re Life.  Through an Assignment Agreement dated December 4, 2001, Swiss Re Life assigned to Swiss

Re Management Luxembourg, S.A. ("Swiss Re Luxembourg") its rights and obligations under the Put Agreement ("the Assignment Agreement"), and it was Swiss Re Luxembourg that acquired ownership of Swiss Re Ireland. A copy of the Assignment Agreement is attached hereto as Exhibit F.

21.     Section 1.01 of the Put Agreement further provides that Swiss Re Life may assign its obligations under Section 4.08 of the Put Agreement to an affiliate of Swiss Re Life different from that affiliate to which it assigns its rights and obligations under the other provisions of the Put Agreement.

22.     Section 4.08 of the Put Agreement provides that Swiss Re Life "unconditionally guarantees the prompt performance when due of all obligations of Lincoln Ireland" under certain transactions (hereinafter the "Guaranty"). Among the obligations guaranteed by Swiss Re Holdings under Section 4.08 of the Put Agreement are the obligations of Swiss Re Ireland (formerly Lincoln Ireland) under the LNBAR Reinsurance Agreement with Lincoln Barbados and the Lincoln Life Reinsurance Agreement with Lincoln Life.

23.     Through the Assignment Agreement, Swiss Re Life has assigned its obligations under Section 4.08 of the Put Agreement to Swiss Re Holdings.

24.     As set forth above, Lincoln Barbados and Lincoln Life have made repeated demands on Swiss Re Ireland for payments necessary to satisfy the increased balance of the Funds Withheld Accounts pursuant to the Reinsurance Agreements. Swiss Re Ireland has refused all requests for payment.

25.     As the unconditional guarantor of the obligations of Swiss Re Ireland, Swiss Re Holdings owes Lincoln Barbados and Lincoln Life all of the amounts owed by Swiss Re Ireland

under the Reinsurance Agreements. Swiss Re Holdings has failed to perform its obligations under the Guaranty and is thus in material breach.

## BREACH OF GUARANTY

26. Lincoln Barbados and Lincoln Life repeat and reallege each of the allegations in paragraphs 1 through 25 as if fully set forth herein.

27. Swiss Re Ireland has refused to make the payments it owes under the LNBAR Reinsurance Agreement and Lincoln Life Reinsurance Agreement for reserve deficiencies and unpaid claims, and continues to be in breach of its obligations under the LNBAR Reinsurance Agreement and Lincoln Life Reinsurance Agreement.

28. Swiss Re Holdings unconditionally guaranteed Swiss Re Ireland's performance and obligations under the LNBAR Reinsurance Agreement and Lincoln Life Reinsurance Agreement by accepting assignment of Swiss Re Life's obligations under Section 4.08 of the Put Agreement.

29. Swiss Re Holdings has failed to perform its guaranty obligation under Section 4.08 of the Put Agreement to pay the amounts owed to Lincoln Barbados and Lincoln Life by Swiss Re Ireland.

30. As a result of Swiss Re Holdings failure to comply with its obligations under Section 4.08 of the Put Agreement, Lincoln Barbados has sustained substantial damages in an amount to be proven at trial, but certainly in excess of $75,000.

31. As a result of Swiss Re Holdings failure to comply with its obligations under Section 4.08 of the Put Agreement, Lincoln Life has sustained substantial damages in an amount to be proven at trial, but certainly in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Lincoln Barbados and Lincoln Life pray for judgment in their favor and against defendant, Swiss Re Holdings, as follows:

(a) ordering Swiss Re Holdings to pay Lincoln Barbados the entire amount owed it by Swiss Re Ireland under the LNBAR Reinsurance Agreement, plus interest;

(b) ordering Swiss Re Holdings to pay Lincoln Life the entire amount owed it by Swiss Re Ireland under the Lincoln Life Reinsurance Agreement, plus interest;

(c) ordering that Swiss Re Holdings perform in a complete and timely fashion its future obligations under Section 4.08 of the Put Agreement;

(d) ordering Swiss Re Holdings to pay all costs and expenses incurred by Plaintiffs in the prosecution of this action; and

(e) awarding Lincoln Barbados and Lincoln Life such other relief as the Court deems just and proper.

Dated: July 26, 2007

Respectfully submitted,

_____
Carl W. Oberdier (CO 4150)
SCHIFF HARDIN LLP
900 Third Avenue
23rd Floor
New York, NY  10022
(212) 753-5000

David M. Spector (DS 1749)
Everett J. Cygal (EC 5959)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500

Counsel for Lincoln National Reinsurance Company (Barbados) Limited and The Lincoln National Life Insurance Company