# EXHIBIT A

Case 1:07-cv-06731-GBD    Document 8-2    Filed 08/20/2007    Page 1 of 3



6600 Sears Tower
Chicago, Illinois 60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

Antony S. Burt
312-258-5762
aburt@schiffhardin.com

August 3, 2007

VIA E-MAIL

John L. Jacobus
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20038

      Re: *Arbitration between Lincoln National Reinsurance Company (Barbados) Limited and Swiss Re Life & Health (Ireland) Limited, as Successor to Lincoln Re (Ireland) Limited*

Dear Mr. Jacobus:

      We represent Lincoln National Reinsurance Company (Barbados) Limited (hereinafter "Lincoln Barbados"), and write in response to the July 26, 2007 demand for arbitration of Swiss Re Life & Health (Ireland) Limited, as Successor to Lincoln Re (Ireland) Limited (hereinafter "Swiss Re Ireland"). This response is submitted under a full reservation of all rights and should not be deemed to be a waiver of any defenses or positions that Lincoln Barbados may assert.

      Lincoln Barbados agrees that a dispute exists between the parties, which the parties have been unable to resolve. However, Lincoln Barbados denies in its entirety Swiss Re Ireland's allegations that it violated the duty of utmost good faith to act only with the greatest care in ceding profitable business to Ireland Re, by failing to disclose or actively suppressing material information regarding the performance of Paul Revere Company's disability income business, reinsured by Lincoln Barbados in the first instance.

      Lincoln Barbados also denies in its entirety the allegation that it violated the duty of utmost good faith by failing to disclose facts relating to Swiss Re Ireland's assumption of the collection risk from Lincoln Barbados on a separate reinsurance policy from London Life International Reinsurance Company to a portion of Paul Revere's disability income business.



John L. Jacobus
August 3, 2007
Page 2

Lincoln Barbados further denies that Swiss Re Ireland has correctly described the duty of utmost good faith with respect to any of its allegations against Lincoln Barbados.

Lincoln Barbados denies in its entirety that there was any scrivener's error in the Indemnity Reinsurance Agreement between Lincoln Barbados and Lincoln Ireland ("LNBAR Reinsurance Agreement") or that any such error (to the extent it exists) resulted in any damage to Swiss Re Ireland. Lincoln Barbados further states that Swiss Re Ireland has misstated and/or misrepresented certain facts in Sections II and III of its Demand for Arbitration.

Finally, Lincoln Barbados denies that Swiss Re Ireland is entitled to any relief from Lincoln Barbados. Rather, Swiss Re Ireland is in breach of its obligations to Lincoln Barbados under the LNBAR Reinsurance Agreement to reimburse Lincoln Barbados for amounts paid to the reinsureds and to make payments sufficient to account for any increases in reserves on the underlying disability income business. Swiss Re Ireland has repeatedly refused to make the payments owed to Lincoln Barbados under the LNBAR Reinsurance Agreement and continues to be in breach of its obligations.

Lincoln Barbados continues to investigate the allegations set forth in Swiss Re Ireland's Demand for Arbitration and reserves the right to supplement and/or modify its response.

Very truly yours,

Antony S. Burt

ASB:nt
CH2\ 1983235.2